IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JERVIS L. COX, | : |
|       Plaintiff, | : |
| v. | : Civil Action No. 20-990-RGA |
| DELAWARE DEPARTMENT OF CORRECTION, et al., | : |
|       Defendants. | : |

Jervis L. Cox, James T. Vaughn Correctional Center, Smyrna, Delaware.
Pro Se Plaintiff.

**MEMORANDUM OPINION**

December 28, 2020
Wilmington, Delaware

/s/ Richard G. Andrews
**ANDREWS, U.S. District Judge:**

Plaintiff Jervis L. Cox, an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983. (D.I. 3). Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 7). Plaintiff has filed a request for counsel and a motion for injunctive relief. (D.I. 5, 6). The Court proceeds to screen the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a).

## BACKGROUND

The Complaint contains three counts: willful misconduct; negligence; and breach of contract. (D.I. 3 at 6-8). In Count 1, Plaintiff alleges that Defendants Delaware Department of Correction and Sussex Work Release Center intentionally and willfully exposed him to the coronavirus/COVID-19 between April 5 through April 9, 2020, when he was required to work on the road crew without proper safety and protective gear such as a face mask or gloves. (D.I. 3 at 6). Plaintiff alleges the willful misconduct exposed him to the coronavirus and caused him to test positive for COVID-19 on April 19, 2020. (*Id.*).

Plaintiff explains that in April 2020, Defendants Corporal Phillips and Correctional Officer John Doe, a/k/a Turbo, had high temperatures and Nurse Jane Doe told the two to go home and quarantine for 14 days. (*Id.* at 7). Plaintiff alleges Phillips went home for a few hours and then returned to Work Center and that Turbo refused to go home. (*Id.*). Plaintiff alleges that the willful misconduct of Phillips and Turbo caused him to test positive for the coronavirus.

1

In Count II, Plaintiff alleges that Defendant Centurion, LLC, the contract medical health care provider for the DOC, was negligent in failing to train medical staff to report individuals with high temperatures, to require self-quarantine, and to provide immediate testing for the virus. (*Id.* at 7). Plaintiff alleges the negligence caused him to be exposed and then to test positive for the coronavirus. (*Id.*). Plaintiff raises a negligence claim against the DOC and Work Release Center that is identical to the Count I willful misconduct claim. (*Id.*). Finally, Plaintiff alleges that Nurse Doe was negligent when she failed to report to her superiors that Phillips and Turbo had high temperatures. (*Id.* at 8).

Count III alleges that the DOC and Work Release Center breached their contract when they failed to follow a federal state mandate of "Federal and State Emergency" which exposed and caused Plaintiff to test positive for the coronavirus. (*Id.*). He alleges that Centurion breach its contract/duty by not properly training its employees on the protocols and standards pertaining to the coronavirus/COVID-10. (*Id.*).

Plaintiff raises Counts I, II, and III under 42 U.S.C. § 1983 and seeks compensatory and punitive damages and injunctive relief in the form of immediate release from prison. (*Id.* at 6, 8).

## SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). *See also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28

U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94.

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Id*.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d at 114.

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive

3

plausibility. *See Johnson v. City of Shelby*, 574 U.S.10 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

The Complaint contains three counts and all claims arise under Delaware law. Count I alleges willful misconduct, Count II alleges negligence, and Count III alleges breach of contract. Plaintiff filed this action pursuant to 42 U.S.C. § 1983.

When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). While Plaintiff does reference the Eighth and Fourteenth Amendments in stating which of his federal constitutional rights were allegedly violated, his allegations do not speak to

4

constitutional violations. Instead, they raise claims for the torts of willful misconduct and negligence and for breach of contract.

In addition, two Defendants, the DOC and Sussex Work Release Center, are immune from suit. The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the kind of relief sought. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). The Work Release Center is part of the DOC and the DOC, as an agency of the State of Delaware, is immune from suit. *See Jones v. Sussex Correctional Institute*, 725 F. App'x 157, 159 (3d Cir. 2017). "Absent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant." *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981). Delaware has not waived its immunity from suit in federal court; although Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of 42 U.S.C. § 1983. *See Jones*, 725 F. App'x at 159-60.

Finally, Plaintiff infers, but does not allege that he was infected by Phillips and/or Turbo. Nor does he allege that any person knew that Phillips and/or Turbo were COVID positive, only that both were febrile.

As pled, the Complaint fails to state claims upon which relief may be granted and it raises claims against two Defendants who are immune from suit. Therefore, I will dismiss the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and (iii) and 1915A(b)(1) and (2), but I will give Plaintiff leave to amend since it is possible that he may be able to state claims upon amendment.

Plaintiff's request for counsel will be denied without prejudice to renew. The request will be denied since the Complaint fails to state claims upon which relief may be

granted and will be dismissed. At this juncture it is not clear whether Plaintiff will ever be able to state a claim that has arguable merit in fact and law. Accordingly, the Court finds the request premature.

Plaintiff's motion for injunctive relief will be denied without prejudice. Plaintiff asks the Court to order his release to Level IV home confinement or supervised custody, and to enter an order enjoining retaliation. It appears that Plaintiff is currently on supervised custody. *See* https://vinelink.vineapps.com/person-detail/offender/2586084;tabIndexToSelect=0 (last visited Dec. 22, 2020). If this is true, then a portion of the motion is moot. Regardless, the Court has no authority to dictate where Plaintiff is housed. This determination is made by prison authorities as part of the administration of the prison. The Delaware Supreme Court has recognized that prison officials have discretion to house inmates at the facilities they choose. *See Walls v. Taylor*, 856 A.2d 1067, 2004 WL 906550 (Del. 2004) (table) (citing *Brathwaite v. State*, No. 169, 2003 (Del. Dec. 29, 2003)). Finally, to the extent Plaintiff seeks a restraining order to prevent retaliation, the motion contains no facts to support this type of relief.

Therefore, the motion for injunctive relief will be denied without prejudice.

## CONCLUSION

For the above reasons, the Court will: (1) deny without prejudice to renew Plaintiff's request for counsel (D.I. 5); (2) deny without prejudice Plaintiff's motion for injunctive relief (D.I. 6); and (3) dismiss the Complaint for failure to state claim upon which relief may be granted and based upon immunity from suit pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii) and § 1915A(b)(1) and (2). Plaintiff will be given leave to file an amended complaint.

An appropriate Order will be entered.